LE HARDY *v.* GILL, DISTRICT JUDGE.

APPLICATION for a writ of *certiorari.*

No. 65.—Decided October 24, 1910.

EFFECTIVENESS OF JUDGMENTS—PATERNAL AUTHORITY.—The "act to secure the effectiveness of judgments," approved March 1, 1903, applies to all obligations, whether arising out of a contract or a tort.

ID.—PATERNAL AUTHORITY.—In an action based on the exercise of paternal authority in which the plaintiff demands the delivery of his children by virtue of said right, a decree may issue to secure the effectiveness of the judgment to be rendered, and requiring the defendant, the grandmother of the children, to give a bond to comply ·with all the orders made by the court, and not to remove the children out of the jurisdiction of the court, while the suit should be pending.

The facts are stated in the opinion. ·

*Mr. Rafael López Landrón* for applicant.

*Mr. Juan Hernández López* for adverse party.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This application for *certiorari* was filed on July 29 during vacation. The preliminary writ was granted on October 6 and the matter was set down for hearing on the 10th of the same month. The applicant was represented by Mr. Rafael López Landrón, and the defendant in the court below, Mrs. Juana Acosta, widow of Meltz, having entered an appearance in opposition to the application, was repre-

sented by Mr. Juan Hernández López. After extensive oral arguments the case was taken under advisement by the court and has had careful consideration. The case involves the right of a father to the custody of his infant children. But the question actually presented in this proceeding is much narrower, and refers mainly to the proper construction of certain sections of our statute known as "an act to secure the effectiveness of judgments," approved March 1, 1902, as amended by a later act passed on March 12, 1903.

Le Hardy brought a suit against the widow Meltz, who is the mother of his deceased wife, to subject his infant children, who had been left temporarily in the custody of their grandmother, the said widow, to his authority as father, *patria potestas,* and to give him possession of them in order that he might educate them according to his ability, and to require the said Mrs. Meltz to restore the said children to their home, etc., and for costs of the action.

In order to secure the effectiveness of any judgment that might be rendered in this suit, the said plaintiff, having sworn to his complaint, petitioned the court to issue an order prohibiting the defendant from continuing to resist the delivery of the children to him that they might be subject to his paternal authority, and that the court might also take any other means to secure the effectiveness of the judgment that should be rendered in the action.

The court made the following order:

"In the District Court for the Judicial District of San Juan, P. R. Second Section. *L. P. Le Hardy, plaintiff* v. *Juana Acosta, widow of Meltz, and the minor children Philippe and Hilda Le Hardy and Meltz, defendants.* Civil Case No. 3970. *Proceedings for patria potestas.*—The effectiveness of the judgment prayed for is denied; the cause of action is not within the meaning of the law to secure the effectiveness of judgments of 1902. (Rev. States., sec. 369, etc.) (Signed) M. E. G., District Judge"

The plaintiff then prayed for a modification of the said order which was refused.

Then the plaintiff applied for this *certiorari,* alleging that he had no other means of relief, in' the following words:

"That your petitioner has not any ordinary, expeditious, adequate and efficacious remedy to obtain redress, immediately and with the urgency that the case requires, the grievance of insecurity in which the resolutions of the inferior judge, above cited, have left his rights of paternal authority, and the plaintiff, in his efforts to obtain the restitution of his legitimate minor children, now in their infancy; inasmuch as the principal litigation is susceptible to delays and hindrances, in view of the prospect which he considers as very possible and immediate; since the grandmother of the children, with the right only of a mother-in-law, hides the domicile to which she has transferred the children, and makes it difficult to find, even to the uncertain extent that it is much to be feared that she will remove the legitimate children of the petitioner to reside in a home unfamiliar and unknown to their legitimate father, either within the Island or beyond its limits."

Under our law of *certiorari* it seems clear that this is a proper case for the issuance of such a preliminary writ, and if it is found on the investigation that the facts justify the action, the relief prayed for should be granted.

Is this a case in which the law to secure the effectiveness of judgments applies? There can be no doubt that the *patria potestas* still exists in Porto Rico, notwithstanding the urgent arguments of distinguished counsel to the contrary. (Civil Code of P. R., secs. 222, 223, 224.)

The law to secure the effectiveness of judgments applies to all obligations whether arising out of a contract or a tort. (See sec. 1 of said law.) Our Code recognizes various forms of obligations; one is the obligation to do certain things and another not to do certain things; both of which it is the object of the applicant's suit to enforce. The statute itself does not except any obligation whatever from its force and effect and where the statute fails to make by distinction it is not for courts to do so. (See secs. 1055 and 1056 of the Civil Code.)

Then, under the second section of the law to secure the effectiveness of judgments, the relief prayed for by plaintiff should have been granted.

What relief should be afforded the plaintiff in this case?

It seems to us that the district judge might require the defendant, Mrs. Acosta, to give an ample bond in a reasonable amount to comply with all the orders which the court might make in the premises, and not to remove the children out of the jurisdiction of the court while the suit should be pending; or take some action equally efficacious to secure the effectiveness of any judgment which may be rendered in favor of the plaintiff; bearing in mind that the father is the natural custodian of his children and should not be deprived, without just cause, of his right to enjoy their society.

Wherefore, in consideration of the laws governing such cases and of the facts apparent upon the record, we are of the opinion that the ends of justice require us to make a resolution that the order of the district judge refusing to grant the relief sought should be annulled, and the said court should be directed to fix whatever provisional remedy or security as may be necessary to secure the return of the children of the plaintiff to their father, in the event that the litigation should result in his favor on final decision.

*Application sustained.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.